UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

KRISTI HANSEN
On behalf of herself and all
Others similarly situated,

              Plaintiff,

    v.

BEAVER DAM COMMUNITY
HOSPITALS, INC.
707 South University Avenue
Beaver Dam, Wisconsin 53916

              Defendant.

Case No. 19-cv-633

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

_____

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
## AND AFFIRMATIVE DEFENSES

_____

    Defendant, Beaver Dam Community Hospitals, Inc. (hereinafter "Defendant"), through their attorneys, states the following as its answer to Plaintiff's Complaint.

## PRELIMINARY STATEMENT

    1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.,* Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq., Wis.* Admin. Code § DWD 274.01 *et seq.,* and Wis. Admin, Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ, P. 23, by Plaintiff; Kristi Hansen, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Beaver Dam Community Hospitals, Inc., for purposes of obtaining relief under the FLSA and WWPCL for

unpaid overtime wages, unpaid agreed-upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER: Paragraph 1 states forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

2.     Defendant, Beaver Dam Community Hospitals, Inc., is a hospital and health care system headquartered in Beaver Dam, Wisconsin that operates primarily within Columbia, Fond du Lac, and Dodge counties in the State of Wisconsin.

**ANSWER: Admits.**

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek. Specifically, Defendant: (1) failed to compensate said employees with agree-upon wages, such as monetary "Shift Differentials," at their regular and overtime rates of pay for any and all hours worked and work performed during the workweek; and (2) failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards, in said employees' regular rates of pay for overtime calculation purposes.

**ANSWER: Defendant denies the allegations of paragraph 3 and specifically denies that Defendant operated any unlawful compensation system, failed to compensate employees of agreed upon wages, or failed to include appropriate calculations for overtime purposes.**

4.      Defendant's failure to compensate its hourly paid, non-exempt employees for all compensable hours worked and work performed each workweek, including but not limited to at the correct and lawful overtime rate of pay and with agreed-upon wages, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**ANSWER**: **Denies.**

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

**ANSWER**: **Paragraph 5 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, Defendant admits Plaintiff cites certain federal statutes related to jurisdiction and the Fair Labor Standards Act ("FLSA") and denies is engaging in any conduct with respect to Plaintiff giving rise to this Court's jurisdiction over the parties.**

6.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.,* Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq,,* Wis. Admin. Code § DWD 274.01 *et seq.,* and Wis. Admin. Code § DWD 272.001 *et seq.,* because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:  Paragraph 6 sets forth legal conclusions to which no response is required.  The extent Defendant is required to respond to this paragraph, Defendant admits Plaintiff cites certain federal law related to supplemental jurisdiction and state laws related to wage and hour issues, and denies engaging**

in any conduct with respect to Plaintiff giving rise to this Court's jurisdiction over the parties.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has substantial and systematic contacts in this District in that Defendant regularly operates locations and/or clinics within counties within this District.

**ANSWER**:  **Paragraph 7 sets forth legal conclusions to which no response is required.  To the extend Defendant is required to respond to this paragraph, Defendant admits Plaintiff cites certain federal law with regard to venue and that certain allegations alleged occurred within this judicial district, and denies engaging in any conduct with respect to the Plaintiff giving rise to proper venue in this district over this matter.**

## PARTIES

8.      Defendant is a Beaver Dam, Wisconsin-based hospital and health care system with a principal office address of 707 South University Avenue, Beaver Dam, Wisconsin 53916.

**ANSWER**: **Admits.**

9.      During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and in addition to its principal office, Defendant owned, operated, managed, and staffed various locations or clinics, including but not limited to the following locations: 1580 West James Street, Columbus, Wisconsin 53925; 130 Warren Street, Suite 132, Beaver Dam, Wisconsin 53916; 610 Washington Street, Horicon, Wisconsin 53032; 420 West North Street, Juneau, Wisconsin 53039; and 180 Gateway Drive, Waupun, Wisconsin 53963

**ANSWER**: **Admits.**

10.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER**: **Admits.**

11.     For purposes of the WWPCI Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq., 104.01 et seq.,* and Wis. Admin. Code § DWD 272.01.

**ANSWER**: **Admits.**

12.     Plaintiff, Kristi Hansen, is an adult female resident of the State of Wisconsin residing at 405 Stark Street, Apartment 2, Beaver Dam, Wisconsin 53916.

**ANSWER**: **Upon information and belief, admits.**

13.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

**ANSWER**: **Admits that Plaintiff has signed and filed a certain consent and denies that Defendant engaged in any conduct with respect to Plaintiff giving rise to a claim under the FLSA.**

14.     Plaintiff worked as a non-exempt, hourly employee at Defendant in the position of Food & Nutrition Aide within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

**ANSWER**: **Admits.**

15.     Plaintiff' brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff: performed compensable work in the same or similarly-titled positions at Defendant's direction, on Defendant's behalf, for Defendant's benefit,

and/or with Defendant's knowledge as all other current and former hourly-paid, non-exempt employees; performed similar job duties as all other current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant; and was subject to Defendant's same unlawful compensation policies and practices as enumerated herein as in the same or similar fashion as all other current and former hourly-paid, non-exempt employees, such as those employees employed in the following jobs and/or job titles: Activity Aide; Activity Lead; Building Service Worker I; Building Service Worker II; Central Service Technician; Central Service Technician Lead; Certified Nursing Assistant; Clerk; Cook; Courier; Dietary Supply Worker; Driver; Electrician; Extern; Food & Nutrition Aide; Food Service Lead; Hairstylist; Homemaker; Lab Specialist Licensed Practical Nurse; Licensed Practical Nurse Clinic; Lifeline Specialist; Linen Service Lead; Linen Service Worker; Maintenance Technician; Massage Therapist; Material Handling Specialist; Meals on Wheels Specialist; Medical Assistant — Certified; Medical Assistant — Non Certified; Medical Receptionist; Medication Administrative Assistant/CAN; Operating Room Technician; Patient Account Specialist; Patient Care Technician; Patient Care Worker; Pharmacy Billing Technician; Pharmacy Technician 1; Pharmacy Technician II; Phlebotomist I; Phlebotomist II; Physical Therapist Assistant; Pre-Cert Analyst; Receptionist; Refurbishment Technician; Registration Specialist; Registration Switchboard Specialist; Resident Assistant; Resident Assistant Lead; Sewing Room Worker; Support Technician; Support Technician Lead; Surgical Service Aide; Tray Service Worker; Unit Clerk I & II; Unit Clerk/Certified Nursing Assistant; Athletic Trainer; Dietitian; Exercise Psychologist; Lab Technologist; Modality Technologist; MRI Technologist; Multi-Modality Technologist; Nuclear Medicine Technologist; Nurse Practitioner; Nurse Practitioner Per Diem;

Occupational Therapist; PACs Administrator; Pharmacist; Physical Therapist; Physical Therapist Home Health; Physical Therapist Per Diem; Physician Assistant; Polysomnographic Technician; Polysomnographic Technician Per Diem; Polysomnographic Lead; Respiratory Therapist; Respiratory Therapist Lead; Respiratory Therapist Per Diem; Senior Nuclear Med Technician; Shift Administrator; Social Worker; Social Worker Home Health; Speech & Language Pathologist; Student Health Specialist; Ultrasound Technologist; Xray Technologist; Xray Technologist Clinic; Xray Technologist II; Registered Nurse; Registered Nurse Clinic Lead; Registered Nurse Lead; Registered Nurse Mobile; Registered Nurse Per Diem; and Registered Nurse Wound Care.

**ANSWER**: **Paragraph 15 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, denies that Plaintiff was similarly situated to the employees whose job titles or function are identified in paragraph 15.**

16.    Defendant supervised Plaintiffs day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.[1]

**ANSWER**: **Admits.**

17.    Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER**: **Admits.**

18.    Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

**ANSWER**: **Admits.**

---

[1] The Plaintiff does not define the word "employees" in this and similar questions.  For purposes of this Answer, Defendant assumes that "employees" are direct employees of the Defendant, hired and directed by Defendant's Managers and Supervisors.

19.     Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

**ANSWER**: **Admits.**

20.     Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees.

**ANSWER**: **Admits.**

21     Defendant established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt employees.

**ANSWER**: **Admits.**

22.     Defendant provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**ANSWER**: **Admits.**

23.     Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant.

**ANSWER**: **Admits.**

## GENERAL ALLEGATIONS

24.     From approximately the years 2012 to 2016, Plaintiff was employed by Defendant.

**ANSWER**: **Admits.**

25.     In approximately August 2017, Defendant re-hired Plaintiff as a Food & Nutrition Aid working in Defendant's Food & Nutrition Department.

**ANSWER**: **Admits.**

26.     Plaintiff is still currently employment [sic] with Defendant.

**ANSWER**: **Admits.**

27.    During Plaintiffs employment with Defendant from approximately August 2017 to the present date, Plaintiff reported directly to James Feil, Food Service Director.

**ANSWER**: **Admits.**

28.    During Plaintiff's employment with Defendant, Plaintiff was an hourly-paid, non-exempt employee for purposes of the FLSA and WWPCL.

**ANSWER**: **Admits.**

29.    On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees in the performance and furtherance of her job duties.

**ANSWER**:    **Admits that Plaintiff worked alongside other employees, both nonexempt and exempt, and denies remaining allegations.**

30.    During Plaintiff's employment with Defendant, Plaintiff and all other hourly-paid, non-exempt employees performed compensable work for Defendant, on Defendant's behalf, at Defendant's direction, and/or with Defendant's knowledge.

**ANSWER**: **Admits.**

31.    On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's normal and customary hours of work were 11:00 a.m. to 7:30 p.m.

**ANSWER**: **Admits.**

32.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. I), Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

**ANSWER**: **Admits that on occasion Plaintiff and other employees worked in excess of forty (40) hours per workweek, and denies remaining allegations.**

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees bi-weekly via check.

**<u>ANSWER</u>: Admits allegations as related to Plaintiff and denies remaining allegations.**

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

**<u>ANSWER</u>: Admits allegations as related to Plaintiff and denies remaining allegations.**

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

**<u>ANSWER</u>: Admits.**

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

**<u>ANSWER</u>: Admits.**

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. I), Defendant's "Standard Operating Policies and Procedures" applied to Plaintiff and all other hourly-paid, non-exempt employees.

**<u>ANSWER</u>: Admits that Plaintiff and employees were subject to certain Standard Operating Policies and Procedures, which were subject to interpretation, depending upon the time period, department, the supervisor, and the circumstance.**

38.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's compensation policies and practices applied to Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER**: **Admits that Plaintiff and employees were subject to certain compensation policies and practices by Defendant that were subject to interpretation, depending upon the time period, department, the supervisor and the circumstance.**

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's "Differentials" policy, "HR-033-13," applied to Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER**: **Admits that Plaintiff and employees were subject to a Differentials policy, which was subject to interpretation, depending upon the time period, department, the supervisor and the circumstance.**

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's "Differentials" policy, "HR-033-I3," stated, in part: First Shift was 7:00 a.m. to 3:30 p.m.; Second Shift was 3:00 p.m. to 11:30 p.m.; and Third Shift was 11:00 a.m. to 7:30 am.

**ANSWER**:  **Denies that Third Shift was from 11:00 a.m. to 7:30 a.m., but admits the remaining allegations of paragraph 40.**

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's "Differentials" policy, "HR-033-13," stated, in part: "Employees whose work schedule overlaps second shift will receive second shift differential for all hours worked from 11:00 am to shift end if the employee worked a minimum of 4 hours in second shift (3:00 — 11:00 pm). If employees do not work a minimum of 4 hours during second shift (3:00 11:00 pm), no shift differential is paid."

**ANSWER**: **Admits.**

42.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's "Differentials" policy, "HR-033-13," stated, in part: "Employees whose work schedule overlaps third shift will receive third shift differential for all hours worked from 7:00 pm to shift end if the employee worked a minimum of 4 hours in third shift (11:00 pm — 7:30 am). If employees do not work a minimum of 4 hours during third shill (11:00 pm — 7:30 am), no shift differential is paid."

**ANSWER**: **Admits.**

43.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's "Differentials" policy, "HR-033-I3," stated, in part, that the monetary "Shift Differentials" ranged from $1.25 per hour worked to $4.00 per hours worked.

**ANSWER**: **Admits.**

44.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for any and all hours worked and worked performed each workweek, including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek, by failing to compensate said employees with agree-upon monetary "Shift Differentials" for working a minimum of four (4) hours in second shift and/or third shift, in violation of the FLSA and WWPCL.

**ANSWER: Denies.**

45.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards,

and/or other rewards, in Plaintiff's and all other hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

**ANSWER: Denies.**

46.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER: Paragraph 46 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

47.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. I), Defendant's policies in practice unlawfully and impermissibly failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked each workweek, including but not limited to at an overtime rate of pay.

**ANSWER: Denies.**

48.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during weeks when no overtime was due, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate, lawful, and agreed-upon compensation for all hours worked.

**ANSWER: Denies.**

49.    Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked each work day and each workweek, including at an overtime rate of pay.

**ANSWER**: Denies.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

50.   Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the ELSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective (Shift Differential):** All hourly-paid, non-exempt employees employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. I) who have not been compensated at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees with monetary "Shift Differentials" for working a minimum of four (4) hours in second shift and/or third shift. FLSA Collective (Non-Discretionary Compensation): All hourly-paid, non-exempt employees employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

**ANSWER: Paragraph 50 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied and Defendant further denies that it engaged in any conduct with respect to Plaintiff or any other individuals giving rise to a collective action under FLSA or that the reported description of such a class may be maintained.**

51.   Defendant, as a matter of policy and practice, suffered or permitted Plaintiff and the FLSA Collective (Shift Differential) to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective (Shift Differential) overtime compensation at one and one-half

times the regular rate of pay for the hours worked (that were not counted as work) in excess of forty (40) in a workweek.

**ANSWER: Denies.**

52.     Defendant, as a matter of policy and practice, failed to include all forms of non-discretionary compensation in Plaintiff's and the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation and compensation purposes.

**ANSWER: Denies.**

53.     The First and Second Claims for Relief is brought under and maintained as an opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

**ANSWER: Paragraph 53 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

54.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b),

**ANSWER: Paragraph 54 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

55.     Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collectives.

**ANSWER: Denies.**

56.   Plaintiff and the FLSA Collectives seek relief on a collective basis challenging, among other RSA violations, Defendant's practice of failing to: (I) properly and lawfully compensate employees for all hours worked, including Defendant's failure to compensate said the FLSA Collective (Shift Differential) with monetary "Shift Differentials" for working a minimum of four (4) hours in second shift and/or third shift; and (2) include all forms of non-discretionary compensation in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation and compensation purposes.

**ANSWER: Paragraph 56 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

57.   The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

**ANSWER: Paragraph 57 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

58.   Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative RSA Collectives.

**ANSWER: Denies.**

**RULE 23 CLASS ALLEGATIONS - WISCONSIN**

59.   Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

**WWPCL Class (Shift Differential):** All hourly-paid, non-exempt employees employed by Defendant within the two (2) year period immediately preceding the filing of this Complaint (EU' No. 1) who have not been compensated for all hours worked in a workweek either at a regular rate of pay and/or at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek — as a result of Defendant's failure to compensate said employees with monetary "Shift Differentials" for working a minimum of four (4) hours in second shift and/or third shift.

**WWPCL Class (Non-Discretionary Compensation):** All hourly-paid, non-exempt employees employed by Defendant within the two (2) year period immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

**ANSWER: Paragraph 59 sets forth legal conclusions to which no response is required. To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies that other employees of Defendant are similarly situated to Plaintiff.**

60.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**ANSWER: Paragraph 60 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies that other employees of Defendant are similarly situated to Plaintiff or readily ascertainable.**

61.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of each of the Wisconsin Classes.

**ANSWER: Paragraph 61 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies that other employees of Defendant are similarly situated to Plaintiff, or so numerous that joinder of all members is impracticable.**

62.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**ANSWER: Paragraph 62 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph it is denied.  Defendant specifically denies that other employees of Defendant are similarly situated to Plaintiff.**

63,     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by

counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER: Paragraph 63 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies that other employees of Defendant are similarly situated to Plaintiff.  Defendant is without information sufficient for a response to representations of adequate protection, experience and competence, so denies the same.**

64.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the members of the Wisconsin Classes are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

**ANSWER: Paragraph 64 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies that other employees of Defendant are similarly situated to Plaintiff, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

65.    Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure

of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

> **ANSWER:  Paragraph 65 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies that other employees of Defendant are similarly situated to Plaintiff, or that the interest of justice would be served by proceeding as a class action.**

66.    Defendant has violated the WWPCI, regarding payment of regular wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

> **ANSWER: Denies.**

67.    There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without

limitation, the following: (I) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Class (Shift Differential) for all work Defendant suffered or permitted them to perform; (4) Whether Defendant maintained an unlawful compensation system that failed to include non-discretionary compensation in the Wisconsin Class' (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

**ANSWER: Paragraph 67 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denies.  Defendant specifically denies that other employees of Defendant are similarly situated to Plaintiff, or that it engaged in any unlawful conduct with regard to Plaintiff.**

68.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**ANSWER: Paragraph 68 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies that other employees of Defendant are similarly situated, and that the questions identified above predominate over individualized inquiries.**

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA — Unpaid Overtime**

**(Plaintiff on behalf of herself and the FLSA collective (Shift Differential))**

69.     Plaintiff, on behalf of herself and the FLSA Collective (Shift Differential), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER: Defendant reasserts and incorporates by reference its answers as set forth in each of the preceding paragraphs of this Answer.**

70.     At all times material herein, Plaintiff and the FLSA Collective (Shift Differential) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER: Paragraph 70 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

71.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Shift Differential) as provided under the FLSA.

**ANSWER: Paragraph 71 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits Plaintiff was an employee of Defendant.**

72.     At all times material herein, Plaintiff and the FLSA Collective (Shift Differential) were employees of Defendant as provided under the FLSA.

**ANSWER: Paragraph 72 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits Plaintiff was an employee of Defendant.**

73.     Plaintiff and the FLSA Collective (Shift Differential) are victims of uniform compensation policy and practice in violation of the FLSA.

<u>**ANSWER**</u>**: Denies.**

74.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Shift Differential) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

<u>**ANSWER**</u>**: Denies.**

75.     Defendant suffered or permitted Plaintiff and the FLSA Collective (Shift Differential) to perform work without being properly or lawfully compensated at the agreed-upon rate(s) of pay for each hour worked, including with monetary "Shift Differentials" for working a minimum of four (4) hours in second shift and/or third shift. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective (Shift Differential) agreed-upon wages, including overtime wages for hours worked in excess of forty (40) in a workweek.

<u>**ANSWER**</u>**: Denies.**

76.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

<u>**ANSWER**</u>**: Paragraph 76 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied. Defendant specifically denies that Plaintiff is entitled to any compensation from Defendant which she did not receive.**

77.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in [ISA, 29 U.S.C. § 203(h).

**ANSWER:   Paragraph 77 sets forth legal conclusions to which no response is required. To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits it is an employer subject to certain requirements under the FLSA.**

78.    Defendant's failure to properly compensate Plaintiff and the FLSA Collective (Shift Differential) was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Shift Differential) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid Overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Shift Differential) are entitled to an award of pre judgment interest at the applicable legal rate.

**ANSWER:   Paragraph 78 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies it unlawfully failed to meet its obligations under the FLSA as it relates to Plaintiff.**

79.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Shift Differential) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:   Paragraph 79 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies it unlawfully withheld compensation from Plaintiff.**

80.     Plaintiff and the FLSA Collective (Shift Differential) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER: Denies.**

81.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages,

**ANSWER:  Paragraph 81 sets forth legal conclusions for which no response is required. To the extent Defendant is required to respond to this paragraph, it is denied.**

<div align="center">

**SECOND CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of herself and the FLSA Collective (Non-Discretionary Compensation))**

</div>

82.     Plaintiff, on behalf of herself and the FLSA Collective (Non-Discretionary Compensation), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:  Defendant reasserts and incorporates by reference its answers set forth in each of the preceding paragraphs of this Answer.**

83.     At all times material herein, Plaintiff and the FLSA Collective         (Non-Discretionary Compensation) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER:  Paragraph 83 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

84.    At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Non-Discretionary Compensation) as provided under the FLSA.

**ANSWER:   Paragraph 84 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits Plaintiff was an employee of Defendant.**

85.    At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) were employees of Defendant as provided under the FLSA.

**ANSWER:   Paragraph 85 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits Plaintiff was an employee of Defendant.**

86.    Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER: Denies.**

87.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for overtime premium pay for each hour worked in excess of forty (40) hours each workweek.

**ANSWER: Denies.**

88,    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek.

**ANSWER: Denies.**

89.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of

goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER:  Paragraph 89 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.   Defendant specifically denies that Plaintiff is entitled to any compensation from Defendant which she did not receive.**

90.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**ANSWER:  Paragraph 90 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits it is an employer subject to certain requirements under the FLSA.**

91.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective (Non-Discretionary Compensation) and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to an award of pre-judgement interest at the applicable legal rate.

**ANSWER:  Paragraph 91 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies it willfully failed to meet its obligations under the FLSA as it relates to Plaintiff.**

92.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:  Paragraph 92 sets forth legal conclusions to which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant specifically denies it unlawfully withheld compensation from Plaintiff.**

93.    Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER: Denies.**

94.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:  Paragraph 94 sets forth legal conclusions for which no response is required. To the extent Defendant is required to respond to this paragraph, it is denied.**

**THIRD CLAIM FOR RELIEF**

**Violation of the WWPCL — Unpaid Overtime**
**(Plaintiff. on behalf of herself and the Wisconsin Class (Shift Differential))**

95.    Plaintiff, on behalf of herself and the Wisconsin Class (Shift Differential), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER:   Defendant reasserts and incorporates by reference its answers set forth in each of the preceding paragraphs of this Answer.**

96.    At all relevant times, Plaintiff and the Wisconsin Class (Shift Differential) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**ANSWER:   Paragraph 96 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits that Plaintiff was employed by Defendant.**

97.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Shift Differential) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**ANSWER:   Paragraph 97 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits that Plaintiff was employed by Defendant.**

98.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Shift Differential) within the meaning of Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.,* 104.01 *et seq.,* and Wis. Admin. Code § DWD 272.01.

**ANSWER:   Paragraph 98 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits that Plaintiff was employed by Defendant.**

99.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class (Shift Differential) regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

**ANSWER:  Denies.**

100.   At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully Jailing to properly pay Plaintiff and the Wisconsin Class (Shift Differential) overtime compensation.

**ANSWER:  Denies.**

101.   Throughout the Wisconsin Class Period, Defendant failed to compensate Plaintiff and the Wisconsin Class (Shift Differential) with monetary "Shift Differentials" for working a minimum of four (4) hours in second shift and/or third shift.

**ANSWER:  Denies.**

102.   The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

**ANSWER:  Denies.**

103.  Defendant willfully failed to pay Plaintiff and the Wisconsin Class (Shift Differential) overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

**ANSWER:  Denies.**

104.   As set forth above, Plaintiff and members of the Wisconsin Class (Shift Differential) have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Shift Differential) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Shift Differential) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** **Paragraph 104 sets forth legal conclusions for which no response is required. To the extent Defendant is required to respond to this paragraph, it is denied.**

105. Plaintiff and the Wisconsin Class (Shift Differential) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:** **Paragraph 105 sets forth legal conclusions for which no response is required. To the extent Defendant is required to respond to this paragraph, it is denied.**

<div align="center">

**FOURTH CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiff, on behalf of herself and the Wisconsin Class (Non-Discretionary Compensation))**

</div>

106. Plaintiff, on behalf of herself and the Wisconsin Class (Non-Discretionary Compensation), re-allege and incorporate all previous paragraphs as if they were set forth herein.

**ANSWER:** **Defendant reasserts and incorporates by reference its answers as set forth in each of the preceding paragraphs of this Answer.**

107. At all relevant times: Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation)

within the meaning of Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.,* 104.01 *et seq.,* and § DWD 272.01.

> **ANSWER:   Paragraph 107 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.  Defendant admits that Plaintiff was employed by Defendant.**

108.   Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

> **ANSWER: Denies.**

109.   At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) overtime compensation.

> **ANSWER: Denies.**

110.   The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

> **ANSWER: Denies.**

111.   Defendant willfully failed to pay Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

> **ANSWER: Denies.**

112.   As set forth above, Plaintiff and the member of the Wisconsin Class (Non-Discretionary Compensation) have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) seek damages in the amount of their respective unpaid

compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:  Paragraph 112 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

113. Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) seek recovery of attorneys' fees and the costs of this action to he paid by Defendant pursuant to the WWPCL.

**ANSWER:  Paragraph 113 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

### FIFTH CLAIM FOR RELIEF
### Violation of the WWPCL - Failure To Pay An Agreed-Upon Wage
### (Plaintiff, on behalf of herself and the Wisconsin Class (Shift Differential))

114. Plaintiff, on behalf of herself and the Wisconsin Class (Shift Differential), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER: Defendant reasserts and incorporates by reference its answers as set forth in each of the preceding paragraphs of this Answer.**

115. Plaintiff and the Wisconsin Class (Shift Differential) were entitled to payment from Defendant at the regular rate of pay for any and all hours worked or work performed by Plaintiff and the Wisconsin Class (Shift Differential) pursuant to Wis. Stat. § 109.03.

**ANSWER:  Paragraph 115 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

116.  Plaintiff and the Wisconsin Class (Shift Differential) were entitled to payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class (Shift Differential) pursuant to Wis. Stat. § 109.03.

**ANSWER:  Paragraph 116 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

117.  Throughout the Wisconsin Class Period, Defendant failed to compensate Plaintiff and the Wisconsin Class (Shift Differential) with monetary "Shift Differentials" for working a minimum of four (4) hours in second shift and/or third shift.

**ANSWER: Denies.**

118.  Defendant violated the WWPCI, by failing to properly compensate Plaintiff and the Wisconsin Class (Shift Differential) for each hour worked by Plaintiff and the Wisconsin Class (Shift Differential) through the impermissible compensation policies and practices described herein.

**ANSWER: Denies.**

119.  As set forth above, Plaintiff and the Wisconsin Class (Shift Differential) members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Shift. Differential) seek damages in the amount of Plaintiff's and the members of the Wisconsin Class' (Shift Differential) respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and

equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Shift Differential) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:  Paragraph 119 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

120. Plaintiff and the Wisconsin Class (Shift Differential) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

**ANSWER:  Paragraph 120 sets forth legal conclusions for which no response is required.  To the extent Defendant is required to respond to this paragraph, it is denied.**

## AFFIRMATIVE DEFENSES

**In defense of Plaintiff's complaint, Defendant also states as follows:**

1.  Plaintiff's complaint fails in whole or in part to state a claim upon which relief can be granted against Defendant.

2.  Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

3.  Plaintiff's claims are barred, in whole or in part, by unjust enrichment.

4.  Plaintiff's claims are barred, in whole or in part, by setoff.

5.  The acts Plaintiff complains of were done by Defendant in good faith and conformity with in reliance upon written administrated regulations, orders, rulings, approvals, and/or interpretations of the United States or State agency.

6.  Plaintiff's claims are barred by doctrines of laches, unclean hands, and/or estoppel.

7.  Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies that are prerequisite to the filing of an action under the Fair Labor Standards Act, the Wisconsin Wage Payment and Collections laws and/or regulations related to such law.

8.  Liquidated damages should be denied to Plaintiff because Defendant acted in good faith and had reasonable ground for believing its acts were not violative of the FLSA, or the Wisconsin Wage Payment and Collections laws.

9.  Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because any obligation by Defendant to pay compensation, whether contractual or otherwise, which Plaintiffs claim is owed, has been fully performed, satisfied, or discharged.

10.    Plaintiff acknowledged, ratified, consented to, waived, and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring Plaintiff from any relief as prayed for in Plaintiff's Complaint.

11.    Plaintiff's case is inappropriate for class action treatment because Plaintiffs and the class Plaintiff purports to represent, the existence of which is expressly denied, are not/were not "similarly situated," as required.

12.    Some or all of the Plaintiff's claims are barred because Plaintiff lacks standing to pursue claims on behalf of the purported class of Plaintiffs alleged in the Complaint.

13.    Defendant denies that this action should proceed as a class action because there is not a common or general interest in the alleged class, there is not a community of interest among the alleged class members, and/or there is not a risk of substantial prejudice from separate actions.

14.    The claims and allegations of Plaintiff are not typical of the claims of the purported class members, and she will not fairly and adequately protect the interest of the purported class members.

15.    Certain of the interests of the proposed class members are in conflict with interests of all or certain sub-groups of the members of the alleged class of persons that Plaintiff purports to represent, the existence of which is expressly denied.

16.    Plaintiff's prayer for certification of a class action, notice to alleged class members, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, injunctive relief, and/or any other equitable relief are not triable to a jury.

17.     Defendant denies that Plaintiff may maintain this action as a class action because she cannot satisfy the requirements of 29 U.S.C. § 216, FED. R. CIV. P. 23, or any other applicable statute or rule.

18.     Defendant is entitled to a set-off for amounts Plaintiffs and the alleged putative class members owe Defendant for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

19.     Defendant expressly denies each and every allegation in Plaintiff's Complaint not specifically admitted.

20.     Because Defendant has not yet availed itself of the right to discovery and does not fully know the circumstances of the alleged incidents described in Plaintiff's complaint, Defendant hereby notifies Plaintiff that until it can avail itself of discovery, it cannot be determined whether Defendant will assert the above stated affirmative defenses at trial or whether those will be the only such defenses asserted.  Such defenses are, however, asserted herein to preserve the Defendant's rights to assert such defenses and to avoid waver of any such defenses.  Defendant expressly reserves the right to plead any affirmative defenses as may become appropriate and/or necessary.

Dated this 24th day of September, 2019.

Respectfully Submitted,

<div style="margin-left: 40%;">

HUSCH BLACKWELL LLP
Attorneys for Defendant, Beaver Dam Community
Hospitals, Inc.

</div>

HUSCH BLACKWELL LLP:                 By:   /s/ Thomas P. Godar
33 East Main Street, Suite 300             Thomas P. Godar
Madison, Wisconsin 53701-1379              State Bar No. 1007751
608.274.6064                               Laura Malugade
608.258.7138 (fax)                         State Bar No. 1086527
thomas.godar@huschblackwell.com
laura.malugade@huschblackwell.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 24th day of September, 2019, the foregoing was served via the Court's ECF (electronic filing) system to:

Scott S. Luzi
Walcheske & Luzi, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, WI 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com

     *Attorney for Plaintiff*

                    /s/ *Thomas P. Godar*