IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

KRISTI HANSEN,

                                      Plaintiff,                            OPINION AND ORDER

    v.

                                                                                  19-cv-633-wmc

BEAVER DAM COMMUNITY HOSPITALS, INC.,

                                      Defendant.
_____

        In an earlier order, the court reserved on the parties' joint motion to approve their settlement agreement, explaining that the parties had not provided sufficient information for the court to determine whether the agreement was a reasonable compromise as required by the Fair Labor Standards Act ("FLSA"). (*See* dkt. #20.) In addition, the court requested information regarding the parties' request to file their proposed settlement under seal, as well as plaintiff counsel's proposed attorneys' fee award. (*See* dkt. #20.) The parties having submitted additional, supporting information, the court will now grant their joint motion. (*See* dkts. #21, 22.)

        The FLSA bars settlements that "establish sub-minimum wages." *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transaction about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages."). In approving a settlement, the court must determine whether the settlement's terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions"

and reflect a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

Here, plaintiff claimed that defendant (1) failed to compensate her at the agreed rate of pay for all hours worked due to defendant's overlapping shift and meal period practices, and (2) failed to include her non-discretionary compensation in the regular rate of pay for purposes of overtime calculation and compensation. (Joint Br. (dkt. #21) 2-4.) Plaintiff initially purported to bring her claims on behalf of others similarly situated, but the settlement seeks to resolve only plaintiff's individual claims. In total, plaintiff estimated her actual damages to be $2,305.30, with a total recovery of $4,610.60 due to liquidated damages, plus a potential incentive award should the class/collective be successfully certified. (*Id.* at 4.) Having now reviewed plaintiff's calculations regarding her estimated damages, and in light of the risks and uncertainty inherent to continued litigation, the court is satisfied that the $5,000 plaintiff will receive under the settlement agreement represents a fair and reasonable resolution and, most importantly, does not establish a sub-minimum wage.

As to attorneys' fees, the parties represent that the fees: (1) were negotiated separately from plaintiff's recovery; (2) represent reimbursement for the time worked on the case; and (3) are consistent with plaintiff's written agreement with plaintiff's counsel. Accordingly, the court finds no reason to adjust the fee award.

Finally, the parties have shown good cause for the settlement agreement to remain under seal in light of plaintiff not wishing to be subject to gossip or ridicule.

ORDER

Accordingly, IT IS ORDERED that the parties' joint motion to approve settlement agreement (dkt. #16) is GRANTED.

Entered this 13th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge